**23-10971-A**

# United States Court of Appeals

*for the*

# Eleventh Circuit

---

USA,

*Plaintiff-Appellee,*

— v. —

BRIAN MOORE, JR.,

*Claimant-Appellant.*

_____

On Appeal from the United States District Court
for the Northern District of Georgia
Civil Case No. 1:21-cv-03847-TWT

---

# APPELLANT'S OPENING BRIEF

---

Daniel L. Alban (VA 72688) †
Joshua A. House (CA 284856)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Ste. 900
Arlington, Virginia 22203
Telephone: (703) 682-9320
dalban@ij.org; jhouse@ij.org
† *Lead Counsel*

Jason D. Sammis (GA 623532)
Leslie M. Sammis (GA 623535)
SAMMIS LAW FIRM, P.A.
1005 North Marion Street
Tampa, Florida 33602
Telephone: (813) 250-0500
jsammis@sammislawfirm.com;
lsammis@sammislawfirm.com

*Counsel for Claimant-Appellant*

---

CP COUNSEL PRESS • VA – (804) 648-3664

*USA v. Brian Moore, Jr.*, Record No. 23-10971-A

# CERTIFICATE OF INTERESTED PERSONS

**U.S. District Judge:**

1. The Honorable Thomas W. Thrash, Jr.

**Appellant:**

1. Moore, Jr., Brian

**Appellant's Counsel:**

2. Alban, Daniel L.

3. House, Joshua A.

4. Sammis, Jason D.

5. Sammis, Leslie M.

**Appellee:**

6. United States of America

**Appellee's Counsel:**

7. Nations, Radka, T.

8. Sommerfeld, Lawrence, R.

*USA v. Brian Moore, Jr.*, Record No. 23-10971-A

## CORPORATE DISCLOSURE STATEMENT

I hereby certify that Claimant-Appellant has no parent corporation, and no publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated May 17, 2023.

/s/ Daniel L. Alban
*Counsel for Claimant-Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

Claimant-Appellant Brian Moore, Jr. respectfully requests twenty minutes of oral argument for each side. Oral argument would present an opportunity for this Court to examine the important subject of whether a property owner who has obtained a dismissal *with prejudice* in a civil forfeiture case has "substantially prevail[ed]," and is thus eligible for a fee award under the fee-shifting provision of the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465(b)(1)(A), or whether there is something else a property owner must do beyond obtaining a dismissal with prejudice in order to be made whole by an award of attorney's fees.

Specifically, the Court may wish to ask questions about two important issues raised by the opinion below: (1) whether a property owner must obtain a dismissal of the forfeiture case on the "merits" in order to "substantially prevail[]" and thus be eligible for an award of fees under CAFRA's fee-shifting provision; and (2) whether a judicial order dismissing the case with prejudice constitutes a "voluntary change in conduct" by the government such that the property owner does not "substantially prevail[]" and is thus ineligible for fee-shifting under CAFRA.

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF AUTHORITIES....................................................................iv

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUE.................................................................2

STATEMENT OF THE CASE ..................................................................3

    I.    The Government Seizes Brian's Money Without Any
        Evidence to Support Criminal Charges Against Him ............3

    II.    Brian Files Two Dispositive Motions Before the
        Government Gives Up Its Forfeiture Action .........................5

    III.    The District Court Dismisses the Government's Case
        With Prejudice....................................................................7

    IV.    The District Court Denies Brian's Motion for
        Attorney's Fees, and Now He Appeals..................................7

    V.    Standard of Review ...............................................................9

SUMMARY OF ARGUMENT ................................................................10

ARGUMENT ..........................................................................................14

    I.    Courts Need Not Address the Substantive "Merits" of
        a Forfeiture Case for a Claimant to "Substantially
        Prevail[]" Under CAFRA's Fee-Shifting Provision..............14

        A.    Brian was not required to prevail on the
            "merits" in order to "substantially prevail[]"
            under CAFRA's fee-shifting provision .........................15

            1.    The district court's reasoning runs counter
                to both the text and purpose of CAFRA's
                fee-shifting provision .........................................16

2.    The district court's reasoning is effectively foreclosed by Supreme Court precedent from a closely analogous fee-shifting statute ............................................................... 17

3.    Existing precedent supports an understanding that a claimant substantially prevails when a forfeiture case is dismissed with prejudice .......................... 20

B.    Even if a ruling on the merits were required to be eligible for fees under CAFRA, a dismissal with prejudice is considered an adjudication on the merits ................................................................... 24

II.    Brian Substantially Prevailed Under *Buckhannon* Because a Dismissal With Prejudice Under Rule 41(a)(2) Is a Court-Ordered Change in the Parties' Legal Relationship ............................................................... 26

A.    A dismissal with prejudice alters the legal relationship of the parties because it is a judicially enforceable order .......................................... 29

B.    Rule 24(a)(2) dismissals carry judicial imprimatur because they are ordered by the district court at its discretion ...................................... 31

C.    The cases relied on by the district court are inapposite .................................................................. 36

CONCLUSION ....................................................................... 39

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Abdelgalel v. Holder*,
  398 F. App'x 472 (11th Cir. 2010) ........................................... 28, 31

*AcryliCon USA, LLC v. Silikal GmbH & Co.*,
  46 F.4th 1317 (11th Cir. 2022) ...................................................... 10

*Am. Disability Ass'n, Inc. v. Chmielarz*,
  289 F.3d 1315 (11th Cir. 2002) ..................................................... 28

*Berishev v. Chertoff*,
  486 F. Supp. 2d 202 (D. Mass. 2007) ........................................... 33

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) ..................................................... 25

*Bridgeport Music, Inc. v. London Music, U.K.*,
  345 F. Supp. 2d 836 (M.D. Tenn. 2004) ....................................... 34

*Bryant v. MV Transp., Inc.*,
  231 F.R.D. 480 (E.D. Va. 2005) .............................................. 33, 35

*Buckhannon Board & Care Home, Inc. v.*
  *West Virginia Department of Health & Human Resources*,
  532 U.S. 598 (2001) ............................................................. *passim*

*Claiborne v. Wisdom*,
  414 F.3d 715 (7th Cir. 2005) ................................................. *passim*

*CRST Van Expedited, Inc. v. EEOC*,
  578 U.S. 419 (2016) ............................................................. *passim*

*Dean v. Riser*,
  240 F.3d 505 (5th Cir. 2001) ........................................................ 25

*Dionne v. Floormasters Enterpri*ses, Inc.,
  667 F.3d 1199 (11th Cir. 2012) ............................................... 36, 37

*F4W, Inc. v. Tracstar Sys., Inc.*,
  No. 6:12-CV-1539-Orl-28KRS, 2015 WL 12838856
  (M.D. Fla. Apr. 3, 2015) ............................................................... 35

*Green Aviation Management Co. v. FAA,*
    676 F.3d 200 (D.C. Cir. 2012)........................................................30

*Highway Equipment Co., Inc. v. FECO, Ltd.,*
    469 F.3d 1027 (Fed. Cir. 2006)................................22-23, 32, 33, 37

*Illinois v. Caballes,*
    543 U.S. 405 (2005) ......................................................................4

*Johnson v. Pringle Dev., Inc.,*
    No. 5:05-CV-37-Oc-10GRJ, 2006 WL 2189542
    (M.D. Fla. Aug. 1, 2006) .................................................................35

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) ......................................................................31

*LeCompte v. Mr. Chip, Inc.,*
    528 F.2d 601 (5th Cir. 1976) .........................................................25

*Malibu Media, LLC v. Baiazid,*
    152 F. Supp. 3d 496 (E.D. Va. 2015)..............................................35

*Morillo-Cedron v.*
    *Dist. Dir. for U.S. Citizenship & Immigr. Servs.,*
    452 F.3d 1254 (11th Cir. 2006) ......................................................31

*Mosley v. JLG Indus., Inc.,*
    189 F. App'x 874 (11th Cir. 2006) .................................................31

*Mother & Father v. Cassidy,*
    338 F.3d 704 (7th Cir. 2003) .........................................................39

*Pontenberg v. Bos. Sci. Corp.,*
    252 F.3d 1253 (11th Cir. 2001) ......................................................32

*Raab v. City of Ocean City,*
    833 F.3d 286 (3d Cir. 2016)......................................................28, 31

*Semtek Int'l Inc. v. Lockheed Martin Corp.,*
    531 U.S. 497 (2001) ......................................................................25

*Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach,*
    353 F.3d 901 (11th Cir. 2003) .......................................................27

v

*United States v. $107,702.66*,
  No. 7:14-CV-00295-F, 2016 WL 413093
  (E.D.N.C. Feb. 2, 2016) ............................................................ 23, 24

*United States v. $28,000.00*,
  802 F.3d 1100 (9th Cir. 2015) ........................................................ 9

*United States v. $32,820.56*,
  838 F.3d 930 (8th Cir. 2016) ........................................................ 21

*United States v. 2007 BMW 335i Convertible*,
  648 F. Supp. 2d 944 (N.D. Ohio 2009) ........................................... 13

*United States v. Certain Real Prop.*,
  543 F. Supp. 2d 1291 (N.D. Ala. 2008) ................................. *passim*

*United States v. Certain Real Prop.*,
  579 F.3d 1315 (11th Cir. 2009) ................................................ 11, 16

*United States v. Evans*,
  561 F. App'x 877 (11th Cir. 2014) .................................... 37, 38, 39

*United States v. Ito*,
  472 F. App'x 841 (9th Cir. 2012) ........................................... 20, 21

*United States v. Khan*,
  497 F.3d 204 (2d Cir. 2007) ........................................................ 13

*Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*,
  298 F.3d 1238 (11th Cir. 2002) ................................................ 28-29

## Statutes & Other Authorities:

28 U.S.C. § 1291 .............................................................................. 1

28 U.S.C. § 2465(b) .............................................................. *passim*

42 U.S.C. § 2000e-5(k) .................................................................. 17

David Biello, *Cocaine Contaminates Majority of U.S. Currency*
  (Sci. Am., Aug. 16, 2009) ............................................................. 4

Fed. R. Civ. P. 24(a)(2) ................................................................ 31

Fed. R. Civ. P. 41 ................................................................ *passim*

Fed. R. Civ. P. 68.................................................................29

H.R. Rep. No. 106-192 .................................................11, 16

9 Wright & Miller, Fed. Prac. & Proc. § 2373.........................24

## JURISDICTIONAL STATEMENT

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the district court's final judgment of January 25, 2023, disposed of the only remaining issues in the case, denying both Claimant's Motion for Attorney Fees, Costs, and Interest, Doc. 34, and Claimant's Motion to Supplement his Motion for Attorney Fees, Costs and Interest, Doc. 36. Claimant filed a timely and sufficient notice of appeal on March 23, 2023. Doc. 40.

## STATEMENT OF THE ISSUE

Did the district court err in denying attorney's fees to Brian under the fee-shifting provision of the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465(b)(1)(A), in finding that he had not "substantially prevailed" even though the government's forfeiture case against his property was dismissed *with prejudice* in an order issued by the district court?

## STATEMENT OF THE CASE

### I. The Government Seizes Brian's Money Without Any Evidence to Support Criminal Charges Against Him.

Appellant Brian Moore, Jr. is a former member of the U.S. Army—honorably discharged—who is now pursuing a career in rap music. In March 2021 he arrived at Hartfield-Jackson Airport intending to fly to Los Angeles to film a music video with his half-brother. Doc. 29-1, at 2, 6. He packed his bags and, to pay for the video's production, withdrew money from an account in which his late grandfather had left him the proceeds of a vehicle sale. *Id.* at 5.

Brian made it to L.A.; his money didn't. *Id.* at 6–7.

After passing through security, Brian waited at his gate as DEA agents stopped and questioned other passengers. *Id.* at 2; Doc. 1, at 4. Suddenly, three agents approached Brian and barraged him with questions: Could he produce his identification and boarding pass? What was in his bags? Did he possess contraband? Did he have a criminal history? Where was he traveling? Why was he traveling? And the kicker: Was he carrying cash? Doc. 29-1, at 2–3; Doc. 1, at 5.

Cornered, Brian answered their questions because he did not believe he could leave the interrogation. Doc. 29-1, at 3–4. He told them he was carrying U.S. currency, but less than $10,000. *Id.* at 3. (He

3

believed, correctly, that it was not illegal to carry less than $10,000 in cash onto a flight, *id*. at 4, but he did not realize it was legal to fly domestically with *any* amount of cash.) The agents began demanding he tell them exactly how much money he was carrying. *Id*. at 4. Brian *twice refused consent* to search his bag. *Id*. But when the agents said they were going to seize his bag regardless, Brian relented in the hope that after a search they'd quickly release him and his bag. *Id*. at 4–5. If they were going to search his bag no matter what, he might as well hurry to catch his flight. *Id*.

The agents searched Brian's bag, found $8,500 in U.S. currency, and took it from him. *Id*. at 5. They placed it into a bag and had it sniffed by a K-9 unit, which gave a positive alert.[1] Doc. 1, at 11. The agents sent

---

[1] The drug dog alert was of little probative value. Drug-sniffing dogs are often not particularly reliable at identifying drugs. *See, e.g.*, *Illinois v. Caballes*, 543 U.S. 405, 411–12 (2005) (Souter, J., dissenting) ("The infallible dog, however, is a creature of legal fiction. . . . [T]heir supposed infallibility is belied by judicial opinions describing well-trained animals sniffing and alerting with less than perfect accuracy, whether owing to errors by their handlers, the limitations of the dogs themselves, or even the pervasive contamination of currency by cocaine."). Indeed, even when drug-sniffing dogs are accurate, a large percentage of U.S. currency—up to 90% according to some studies—is tainted by drug residue. *See, e.g.*, David Biello, *Cocaine Contaminates Majority of U.S. Currency* (Sci. Am., Aug. 16, 2009), https://www.scientificamerican.com/article/cocaine-contaminates-majority-of-american-currency/.

the money to the U.S. Marshals Office, and the United States initiated forfeiture proceedings against it. *Id.* at 12.

Brian had broken no laws, and it was never alleged that he did. Doc. 29-1, at 6–7. The most the government could scrape together against Brian was that (1) he did not tell them how much money he was carrying, (2) he said he had no criminal history (when in fact he had been the subject of two prosecutions, one dismissed and the other diverted), (3) the officers could find no proof of his rapping career, and (4) he told them he did not use online banking but revealed he had online access to a joint account he possessed with his grandmother. Doc. 23-1, at 10–11. The government nevertheless sought to take his money on the grounds that it was used to buy or distribute illicit substances, was traceable to such a transaction, or was used or intended to facilitate such a transaction. Doc. 1, at 12.

## II. Brian Files Two Dispositive Motions Before the Government Gives Up Its Forfeiture Action.

The government had no basis whatsoever for believing that Brian's $8,500 was drug money, but that didn't keep it from looking for one. The government propounded ten interrogatories on Brian, and it requested eight categories of documents including (a) tax returns going back to

2018, including all schedules, 1099s, W-2s, and other attachments, (b) all records or documents showing any and all sources of income he received from January 1, 2018, to December 31, 2021, and (c) all documents relating to any interest he had in any security account, stock, pension plan, retirement fund, profit sharing plan, disability plan, or deferred compensation plan. Doc. 34, at 5–6.

After responding to the government's discovery requests, Brian moved to suppress all the evidence of his initial airport stop, arguing that (1) the agents lacked reasonable suspicion to stop and question him, (2) Brian's detention was unnecessarily prolonged, and (3) the search and seizure of his bag and currency violated the Fourth Amendment. *See* Doc. 22-1, at 8–16. He also moved for summary judgment, arguing the undisputed facts showed that his $8,500 "was money he received from a legitimate source, it was intended for a legitimate purpose, and was not obtained through any illegal activity as he explained to the agents several times." Doc. 29-1, at 11.

Faced with upcoming argument on Brian's twin motions, each fatal to the government's case, the government moved to dismiss with prejudice under Rule 41(a)(2). Doc. 30. Brian objected, requesting that

the district court, before dismissing the case, rule that he substantially

prevailed under 28 U.S.C. § 2465(b) and was therefore entitled to interest

and attorney's fees. Doc. 31.

## III. The District Court Dismisses the Government's Case With Prejudice.

The district court granted the government's motion to dismiss *with*

*prejudice* under Rule 41(a)(2), but did not address Brian's objections. The

district court's order dismissing the case with prejudice states:

> The dismissal of this action is proper since, among other things, Claimant will not be prejudiced by the dismissal of this action because the United States is requesting that this action be dismissed with prejudice and, consequently, the **Claimant would face no risk of subsequent litigation over the same issues**. . . . Lastly, the dismissal of this action **will result in the return of the Defendant Currency to Claimant, which is the relief sought by Claimant**.

Doc. 32 at 2 (emphasis added).

The forfeiture case was terminated on September 9, 2022.

Appellant's App'x 3 (district court docket).

## IV. The District Court Denies Brian's Motion for Attorney's Fees, and Now He Appeals.

Since the district court had failed to address attorney's fees in its

dismissal order, Brian moved for fees under the Civil Asset Forfeiture

Reform Act ("CAFRA"). Doc. 34. CAFRA provides that, in "any civil

proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). The government did not contest Brian's entitlement to fees, but rather asked the district court to "reduce Claimant's proposed attorney fee rate to a reasonable rate for this type of case," Doc. 37, at 6.[2]

The district court neither awarded the requested fees nor reduced the amount. Instead, completely unprompted, it denied Brian's motion for attorney's fees because, "[d]espite the United States' lack of argument on this ground, . . . Moore has not 'substantially prevailed' in this case." Doc. 38, at 4. The trial court reasoned that the Rule 41(a)(2) dismissal was a mere "procedural disposition," and that Brian was thus not a prevailing party as defined by *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). Doc. 38, at 4–5. The court further acknowledged that even though

---

[2] The government's original response asked Brian's counsel to comply with the local rules for attorney's fees requests. Doc. 35. Brian's counsel moved to supplement his fees motion to comply with the rules and justify the requested fee award. Doc. 36. The government then responded to the merits of the fees motion, asking for a reduction. Doc. 37.

it could sidestep CAFRA's "prevailing party" requirement and use its discretion to award fees, it wouldn't.

Brian's money was ultimately returned by the government in March 2023, approximately *two years* after it was seized. Doc. 39. However, under his contingency fee agreement with his initial counsel, Brian paid his counsel one third of his recovery, approximately $2,800.

Brian timely appealed the district court's order denying his motion for attorney's fees. Doc. 40.

## V.    Standard of Review

CAFRA provides for a *mandatory* award of reasonable attorney's fees to a substantially prevailing claimant in a civil forfeiture case. 28 U.S.C. § 2465(b)(1) (". . . in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States **shall be liable** for reasonable attorney fees and other litigation costs reasonably incurred by the claimant." (emphasis added)).

As with other questions of statutory interpretation, the denial of fees under a mandatory fee-shifting provision such as 28 U.S.C. § 2465(b)(1)(A) is reviewed *de novo. See United States v. $28,000.00*, 802 F.3d 1100, 1105 (9th Cir. 2015) ("The legal analysis underlying a fee

decision is reviewed de novo."); *see also AcryliCon USA, LLC v. Silikal GmbH & Co.*, 46 F.4th 1317, 1324 (11th Cir. 2022) (noting that a contractual prevailing-party fee-shifting provision is reviewed *de novo*).

## SUMMARY OF ARGUMENT

Brian could not have prevailed any more fully than having his case dismissed with prejudice and all his money returned. That is exactly what happened here. Thus, when the district court dismissed the government's forfeiture case against Brian's property with prejudice, Brian "substantially prevail[ed]" under 28 U.S.C. § 2465(b) and was entitled to an award of reasonable attorney's fees.[3]

The district court erred by ruling, *sua sponte*, that Brian did not "substantially prevail[]" and thus that he did not qualify for attorney's fees under the Civil Asset Forfeiture Reform Act ("CAFRA"). The district court offered two justifications for its ruling: (1) "the merits of Moore's claim were never addressed by the Court," and (2) the U.S. Attorney's voluntary dismissal of the case with prejudice was a

---

[3] Claimant-Appellant maintains that it is also possible to *substantially* prevail under 28 U.S.C. § 2465(b) by obtaining a dismissal without prejudice, but that question is not at issue here, and it is not necessary for this Court to address that issue to decide this case. This Court should thus withhold ruling on that separate issue until it is squarely presented.

"voluntary change in conduct" that "lacks the necessary judicial imprimatur on the change." Doc. 38, at 4 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.,* 532 U.S. 598, 605 (2001)). Both are fatally flawed.

The district court's first justification runs directly counter to the text and purpose of 28 U.S.C. § 2465(b), which does not require any ruling on the "merits," and which this Court has already recognized "was designed to **make claimants whole** for their efforts to recover their property in a civil forfeiture action." *United States v. Certain Real Prop.*, 579 F.3d 1315, 1323 (11th Cir. 2009) (emphasis added) (citing H.R. Rep. No. 106-192 (1999)). Limiting eligibility for fee-shifting to only those who prevail in a decision that addresses the "merits" of the government's case would substantially reduce the number of victorious forfeiture claimants who are made whole, even though *all* victorious claimants must incur litigation costs regardless of whether they win on the "merits" or otherwise. Indeed, to do so "would render the fee-shifting provisions of CAFRA essentially meaningless." *United States v. Certain Real Prop.*, 543 F. Supp. 2d 1291, 1294 (N.D. Ala. 2008).

11

The district court's first justification is also effectively foreclosed by Supreme Court precedent in a closely analogous area of fee-shifting law, *CRST Van Expedited, Inc. v. EEOC*, which held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" 578 U.S. 419, 431 (2016). That is because, unlike plaintiffs, defendants are not trying to alter the *status quo ante* and do not control how the case is brought; thus, a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* The same logic applies equally to claimants in a forfeiture case, who are intervening on behalf of the defendant property and are thus in much the same position as a civil defendant. And the district court's first justification also runs counter to existing CAFRA fee-shifting precedent, which indicates that parties who obtain a dismissal on the merits have "substantially prevail[ed]" and are eligible for fees. Finally, even if the district court were correct that a ruling on the merits is required to "substantially prevail" under CAFRA, a dismissal with prejudice is considered an adjudication on the merits.

The district court's second justification errs because a judicial dismissal of a case with prejudice provides the judicial imprimatur that

materially alters the legal relationship between the parties. The district court misapplies *Buckhannon*, which held that a *plaintiff* is not a "prevailing party" for fee-shifting purposes when their behavior brings about a *voluntary change* in the defendant's conduct that has no judicial imprimatur.[4] But again, Brian was not the plaintiff in this case; he was the claimant trying to recover the defendant property in a case filed by the government. Thus, he was only trying to restore the *status quo ante* before the seizure, much like the defendants in *CRST*. And the Court's order dismissing the case with prejudice provided the judicial imprimatur that materially altered the parties' legal relationship, namely by requiring the government to return his seized money and precluding the government from re-filing a forfeiture action for Brian's $8,500. It simply does not matter that the government voluntarily

---

[4] *Buckhannon* was decided under the similar fee-shifting provisions of the Fair Housing Amendments Act and Americans with Disabilities Act, but most or all federal fee-shifting provisions are interpreted more-or-less interchangeably and the case law frequently cites decisions regarding related fee-shifting provisions as support. *See, e.g.*, *Buckhannon*, 532 U.S. at 600 (noting that "[n]umerous federal statutes allow courts to award attorney's fees and costs to the 'prevailing party'"); *United States v. Khan*, 497 F.3d 204, 209 n.7 (2d Cir. 2007) (applying *Buckhannon* to CAFRA fees cases); *United States v. 2007 BMW 335i Convertible*, 648 F. Supp. 2d 944, 948–49 (N.D. Ohio 2009) (collecting cases doing same.).

dismissed the case, because the ultimate outcome of a dismissal with prejudice is a judicial order that is binding against the government. Finally, the cases relied on by the district court to reach a contrary conclusion are inapposite—the first involves a *plaintiff* being denied fees after the *defendant* first mooted the case, while the second involves the government returning property in a civil forfeiture action *before* seeking dismissal of the case, which was dismissed ultimately *without prejudice*. Those cases simply do not govern the situation here, where Brian prevailed as a claimant defending against the government's forfeiture case and obtained a dismissal with prejudice that required the government to return the property and precluded it from ever re-filing this case.

## ARGUMENT

## I.    Courts Need Not Address the Substantive "Merits" of a Forfeiture Case for a Claimant to "Substantially Prevail[]" Under CAFRA's Fee-Shifting Provision.

The district court erred by holding that "an award of attorney's fees is not statutorily mandated because Moore has not 'substantially prevailed' in this case." Doc. 38, at 4. In particular, the district court relied on the fact that "the merits of Moore's claim were never addressed"

14

to deny fees under CAFRA. *Id.* As explained below, that ruling was legal error because a dismissal "on the merits" is not required for a claimant to substantially prevail under CAFRA, and because a dismissal with prejudice is considered an adjudication on the merits for these purposes.

### A. Brian was not required to prevail on the "merits" in order to "substantially prevail[]" under CAFRA's fee-shifting provision.

The district court erred by holding that fee awards under CAFRA are limited to cases that are decided "on the merits." Specifically, in denying Brian's claim for fees under CAFRA, the district court relied primarily on the fact that "the merits of Moore's claim were never addressed by the Court." Doc. 38, at 4. But courts do not have to address the "merits" for a claimant to "substantially prevail" under 28 U.S.C. § 2465(b). The district court's interpretation of 28 U.S.C. § 2465(b) is contrary to the text of the statute, is effectively foreclosed by Supreme Court precedent addressing a closely analogous fee-shifting provision, and runs counter to existing precedent indicating that a claimant prevails whenever their case is dismissed with prejudice.

### 1. The district court's reasoning runs counter to both the text and purpose of CAFRA's fee-shifting provision.

As with other federal fee-shifting statutes, nothing in the text of § 2465(b) mentions any requirement that a court address the merits of the case or issue a judgment on the merits. Instead, CAFRA's fee-shifting provision simply states: ". . . in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1). Claimant-Appellant has also been unable to identify any case, other than the district court opinion below, interpreting § 2465(b) to require a claimant to obtain a merits ruling to be a "prevailing party" under that provision.

As this Court has previously noted, quoting CAFRA's legislative history: "The CAFRA fee-shifting provision was designed to **make claimants whole** for their efforts to recover their property in a civil forfeiture action." *Certain Real Prop.,* 579 F.3d at 1323 (emphasis added) (citing H.R. Rep. No. 106-192 (1999)). In order to give force to both Congress' intent and the actual text of § 2465(b), this Court should not

impose additional extra-textual requirements that limit the government's liability when property owners substantially prevail in civil forfeiture cases brought by the government. Following the rule applied by the district court would render § 2465(b) toothless, allowing the government to escape liability and failing to make claimants whole even when they obtain a dismissal with prejudice.

> **2.    The district court's reasoning is effectively foreclosed by Supreme Court precedent from a closely analogous fee-shifting statute.**

The district court's reasoning is foreclosed by the Supreme Court's decision in the analogous case of *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016), which considered this same issue in the context of the analogous fee-shifting provision in Title VII of the Civil Rights Act of 1964. Much like CAFRA's fee-shifting statute, Title VII permits prevailing parties to recover reasonable attorney's fees after the government brings an unsuccessful civil action against them. *See* 42 U.S.C. § 2000e-5(k). Crucially, Title VII cases are not generally cases where the private party is a plaintiff; instead, they are typically in the role of a civil defendant being sued by the federal government, similar to

a claimant (who owns the defendant property) in a civil forfeiture case under CAFRA.

In *CRST*, the Supreme Court rejected the reasoning that a ruling on the merits is necessary to prevail for fee-shifting purposes, holding that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." 578 U.S. at 421.[5] The Court explained that:

> Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits. Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor.

*Id.* at 431. Accordingly, a defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the

---

[5] One way in which CAFRA differs from most other fee-shifting statutes, including Title VII, is that it only requires that claimants show that they have "substantially prevail[ed]" in order to be eligible for fees. However, that difference is immaterial to this case, which does not turn on any distinction between whether Brian wholly prevailed or substantially prevailed. Indeed, there is no way to more fully prevail in a forfeiture case than to obtain a dismissal with prejudice and have your seized property returned as a result of that dismissal.

court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* This rule makes sense because a defendant in a government enforcement action does not control how a case is brought against them, and must defend regardless of whether there are procedural or substantive defects in the case. Given that they must bear the cost of defending a case either way, it would truly be unjust to apply fee-shifting statutes in a way that distinguishes between defendants based on whether the plaintiff filed a procedurally defective or substantively flawed case, or on whether the court decided to resolve the case on procedural grounds or substantive "merits" grounds.

The very same logic should apply to prevailing claimants in forfeiture cases such as Brian, who have also not initiated the civil action, and who are merely defending against the government's attempts to seize their property. They, too, have prevailed in having the *ex ante* state of things be restored—namely, that they be restored to their possession of their property.[6] And there is no other way in which a claimant can prevail

---

[6] A notable difference is that the government is allowed to seize property *before* it initiates forfeiture lawsuits, while most civil plaintiffs must wait to seize property and/or collect damages until *after* obtaining judgment.

more than having their case dismissed and their property returned, just as Brian was able to prevail here.

In light of the Supreme Court's ruling in the closely analogous *CRST* case, the district court's reasoning should be rejected. Brian is eligible for attorney's fees under § 2465(b) because his case was dismissed with prejudice, regardless of whether the court addressed the "merits."

### 3. Existing precedent supports an understanding that a claimant substantially prevails when a forfeiture case is dismissed with prejudice.

Although no appellate cases directly resolve the issue of whether a claimant who obtains a dismissal of their case with prejudice substantially prevails under § 2465(b), existing precedent—including from a district court in this Circuit that directly addresses this issue—strongly supports that conclusion.

The closest a federal appellate comes to resolving this issue is in the (unpublished) Ninth Circuit opinion in *United States v. Ito*, which found that a district court abused its discretion by failing to consider whether a claimant would suffer legal prejudice—namely, the inability to seek attorney's fees—because of a dismissal without prejudice. 472 F. App'x

841, 841–42 (9th Cir. 2012).[7] In so holding, the Court found that: "The district court did not recognize that dismissal without prejudice precludes prevailing party status. Without prevailing party status, the Itos were unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act." *Id.* at 842 (citations omitted). While the Ninth Circuit did not explicitly say in *Ito* that a dismissal with prejudice would satisfy prevailing party status, that is the very strong implication of the *Ito* opinion.[8]

A district court opinion from this Circuit directly addressed this issue in *United States v. Certain Real Property*, when deciding whether dismiss a forfeiture case with or without prejudice under Rule 41(a)(2).

---

[7] The *Ito* opinion may have been wrong to hold that dismissal without prejudice precludes prevailing party status in all circumstances, but it was correct to suggest that a dismissal with prejudice does satisfy CAFRA's "substantially prevails" requirement.

[8] Relatedly, without explicitly stating that a dismissal with prejudice would satisfy CAFRA's "substantially prevails" requirement, the Eighth Circuit has held that, "[i]f a court is convinced that dismissal *without* prejudice at the government's request would cause legal prejudice to a claimant by unfairly depriving her of the ability to seek attorney fees under CAFRA, then the court may deny the government's motion." *United States v. $32,820.56*, 838 F.3d 930, 936 (8th Cir. 2016). Here, of course, the district court instead granted the government's voluntary motion to dismiss *with prejudice*.

543 F. Supp. 2d 1291 (N.D. Ala. 2008). In *Certain Real Property*, "the government initially filed a motion to dismiss [the] case with prejudice" and "only withdrew its motion to dismiss with prejudice after it realized that a dismissal with prejudice might entitle the claimants to recover their attorneys' fees and costs." *Id.* at 1292. The court correctly found that because of the dismissal with prejudice, "the claimants are entitled to recover attorneys' fees as the 'substantially prevailing' party." *Id.* at 1294. Reaching this conclusion, the court found that its ruling dismissing the government forfeiture case with prejudice "clearly 'qualifies as a judicially qualified change in the legal relationship of the parties' and thus satisfies the standard announced in *Buckhannon*." *Id.* Further, the court noted that, "[i]f the court were to side with the government and dismiss this case without prejudice and deny the claimants request for attorneys' fees under CAFRA it would render the fee-shifting provisions of CAFRA essentially meaningless." *Id.*

The district court's opinion in *Certain Real Property* relies heavily on two non-CAFRA fee-shifting cases discussed *infra* in Part II: *Claiborne v. Wisdom*, 414 F.3d 715, 721–22 (7th Cir. 2005), and *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033–37 (Fed. Cir.

2006). Applying the holding of *Claiborne*, the court recognized that "following this order dismissing the case with prejudice, the claimants will be able to rely on a *res judicata* defense if the government, no matter how unlikely, files another civil forfeiture action." 543 F. Supp. 2d at 1294. The district court found that allowing the government to "sidestep the application of CAFRA . . . would be contrary to the stated intent of CAFRA . . . . Therefore, CAFRA's stated purpose will be furthered by the court's decision to award attorneys' fees to the claimants in this case." *Id.*

Also reaching the same conclusion with similar reasoning, the U.S. District Court for the Eastern District of North Carolina rejected the government's attempt to voluntarily dismiss a civil forfeiture case without prejudice because "a voluntary dismissal without prejudice would likely preclude prevailing party status under CAFRA, depriving Claimants of their right to bring a claim under that statute." *United States v. $107,702.66*, No. 7:14-CV-00295-F, 2016 WL 413093, at *4 (E.D.N.C. Feb. 2, 2016). That court, citing *Buckhannon* and various federal appellate decisions applying *Buckhannon* in the context of CAFRA fee-shifting, decided to dismiss the case *with prejudice* because

23

it was concerned that to do otherwise would "work a substantial legal prejudice" on the claimants. *Id.* at *3.

Thus, existing CAFRA fee-shifting precedent strongly supports the conclusion that a claimant substantially prevails under § 2465(b) when the forfeiture case against their property is dismissed with prejudice.

### B. Even if a ruling on the merits were required to be eligible for fees under CAFRA, a dismissal with prejudice is considered an adjudication on the merits.

As noted *supra*, a ruling on the merits is not a requisite element for a claimant to "substantially prevail[]" under § 2465(b). However, even if a merits ruling were a required element to "substantially prevail[]," a dismissal with prejudice satisfies that requirement because it is considered an adjudication on the merits for all purposes relevant here.

A dismissal with prejudice is a "judgment on the merits." *Claiborne*, 414 F.3d at 719 (upholding a fee award under the fee-shifting provision of the Fair Housing Act after a voluntary dismissal by plaintiff was granted and the claims were dismissed with prejudice); 9 Wright & Miller, Fed. Prac. & Proc. § 2373 & n.7 (4th ed. 2023 update) ("Although the Rules never use the term 'with prejudice,' Rule 41(a) does use the

'without prejudice,' and thus **'with prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'"** (emphasis added)); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (Rule 41(a) "makes clear that 'an adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"); *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001) ("[A] dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is ***tantamount to a judgment on the merits*.**" (emphasis in original, citation omitted)).

"[W]here a dismissal with prejudice has been granted" under Rule 41(a)(2), "dismissal actually goes to the merits of the case and is considered a final appealable order." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976).[9] A voluntary dismissal with prejudice under Rule 41(a)(2) "terminates any claims," and if a plaintiff "were to try to bring the same claim in the future, the defendants would be entitled to rely on a claim preclusion *or res judicata* defense." *Claiborne*, 414 F.3d at 719.

---

[9] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209–10 (11th Cir. 1981) (en banc) (adopting as precedential "the decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981").

Accordingly, even if the district court were correct that a ruling on the merits is required to "substantially prevail" under § 2465(b), the district court erred by determining that it had not issued a judgment on the merits when it dismissed the government's forfeiture case against Brian's property with prejudice.

## II. Brian Substantially Prevailed Under *Buckhannon* Because a Dismissal With Prejudice Under Rule 41(a)(2) Is a Court-Ordered Change in the Parties' Legal Relationship.

A forfeiture claimant "substantially prevails" under CAFRA when their forfeiture case is dismissed with prejudice. It does not matter whether such dismissals are voluntary or not. Voluntary dismissals with prejudice still meet the test for "prevailing party" status announced by the Supreme Court in *Buckhannon*. They are court-ordered, and they change the legal relationship between the parties.

The district court's decision that the government's voluntary dismissal with prejudice was a "voluntary change in conduct" that "lacks the necessary judicial imprimatur" under *Buckhannon*, Doc. 38, at 4, was therefore erroneous. The district court improperly applied the standard for determining whether a *plaintiff* is a prevailing party for fee-shifting purposes announced by the Supreme Court in *Buckhannon*. (In that case,

the Court rejected the "catalyst theory"—the idea that a plaintiff "prevails" even if they never obtain a judgment simply because the lawsuit caused the defendant to change course in a way that achieved the Plaintiff's goals, such as a defendant paying the damages sought and thereby mooting the case. 532 U.S. at 605.) But here, Brian was not a plaintiff—he was the claimant in a forfeiture case filed by the government. And he obtained a judgment that changed the legal relationship between the parties—namely the dismissal of the case *with prejudice*, which precludes the government from later seeking to re-file this forfeiture case against Brian's $8,500.

Under *Buckhannon*, this Court asks whether a case resulted in "a court-ordered material alteration of the legal relationship of the parties." *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003) (internal quotation marks and alteration omitted). That happens, of course, when a party is awarded relief on the merits of its claims. *Id*. at 905. But it also happens when there is "sufficient judicial imprimatur" on a change in the parties' legal relationship. *Id*. Courts have thus expressed the *Buckhannon* rule as a two-part test, asking "(1) whether there is a material alteration of the legal relationship of the

27

parties, and (2) whether that material alteration is judicially sanctioned" or has "judicial imprimatur." *Raab v. City of Ocean City*, 833 F.3d 286, 292–93 (3d Cir. 2016) (internal quotation marks and alteration omitted); *Abdelgalel v. Holder*, 398 F. App'x 472, 476 (11th Cir. 2010) ("[U]nder *Buckhannon* . . . the plaintiff must show both a 'material alteration of the legal relationship' of the parties and that the change is 'judicially sanctioned.'").

Contrary to the district court's opinion, a ruling "on the merits" is not required to satisfy the two-part *Buckhannon* test; it was simply identified in that opinion as an example of the type of ruling that would make a plaintiff eligible for fees. *See* 532 U.S. at 603–04. Indeed, this Court has said "[t]hat reading of *Buckhannon* . . . is overly narrow." *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002). For example, a judicially approved and enforceable settlement agreement is "a judicially sanctioned change in the legal relationship of the parties . . . under the standards explained in *Buckhannon*." *Id.* at 1321 (internal quotation marks omitted). What matters is whether a judgment is "enforceable," not whether the district court had a chance to address the merits. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.,*

*Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (holding that an accepted offer of judgment under Rule 68, despite being voluntary, is an "enforceable judgment" and therefore satisfies *Buckhannon*). *See also* Part I.A. *supra*.

Below, Claimant explains how the district court's Rule 41(a)(2) dismissal with prejudice satisfies the *Buckhannon* test. First, it was a change in the relationship, preventing the government from refiling its forfeiture petition. And second, it has sufficient judicial imprimatur because it is a court-ordered dismissal granted in the district court's discretion. Finally, Claimant discusses how the district court relied on wholly inapposite cases to reach its erroneous ruling. Accordingly, the district court's dismissal with prejudice makes Brian the substantially prevailing party under § 2465(b), and its denial of fees under that provision was legal error.

### A.   A dismissal with prejudice alters the legal relationship of the parties because it is a judicially enforceable order.

The district court's dismissal with prejudice altered the legal relationship between Brian and the government. That's because the dismissal is equivalent to a judgment on the merits: It carries preclusive effect that is enforceable by future courts. *See* Part I.B. *supra*.

Because dismissals with prejudice are enforceable, defending parties obtaining such dismissals are prevailing parties. In *Green Aviation Management Co. v. FAA*, the D.C. Circuit held that a defending party prevailed under *Buckhannon* where the "dismissal order has *res judicata* effect and brought . . . proceedings against [it] to an end." 676 F.3d 200, 205 (D.C. Cir. 2012). Likewise, a district court in this circuit has held that forfeiture claimants substantially prevail under CAFRA when they obtain dismissals with preclusive effect: "[C]laimants will be able to rely on a *res judicata* defense if the government, no matter how unlikely, files another civil forfeiture action." *United States v. Certain Real Prop.*, 543 F. Supp. 2d 1291, 1294 (N.D. Ala. 2008).

Like the defending parties in those cases, Brian has obtained a dismissal that carries preclusive effects going forward, thus altering his relationship to the government. The government can no longer bring a forfeiture action against his $8,500. If it tried, Brian could rely on the district court's order and seek dismissal under the doctrine of *res judicata*. Before this case, Brian's $8,500 was subject to forfeiture. Now, it isn't. That change in relationship satisfies the first prong of *Buckhannon*.

30

**B.    Rule 24(a)(2) dismissals carry judicial imprimatur because they are ordered by the district court at its discretion.**

The district court's dismissal also satisfies the second prong of *Buckhannon*, which asks whether the parties' change in legal relationship was "judicially sanctioned." *Abdelgalel*, 398 F. App'x at 476 (quoting *Buckhannon*, 532 U.S. at 604–05, and citing *Morillo-Cedron v. Dist. Dir. for U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1258 (11th Cir. 2006)).

Rule 41(a)(2) dismissals are court judgments, entered by the court: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." They are therefore not mere agreements between the parties. District courts can and do refuse to grant motions for Rule 41(a)(2) dismissal. *E.g.*, *Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006) (affirming denial of Rule 41(a)(2) dismissal where "Plaintiff's motion to dismiss . . . was solely motivated to avoid an expected adverse ruling" (internal quotation marks omitted)). Courts may add conditions to the dismissal, even without the parties' consent. *Raab*, 833 F.3d at 296 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). They can also, without any

31

"motion from a plaintiff[,] . . . act sua sponte to dismiss under Rule 41(a)(2)" *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 n.1 (11th Cir. 2001).

Thus, when a court dismisses a case, whether the dismissal was *voluntary* or not has no bearing on whether the judgment effected a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604. As the Seventh Circuit explained when addressing this very same issue in *Claiborne*: "The critical fact is not what prompted the district court to act; it is instead what the district court decided to do." 414 F.3d 715, 719 (7th Cir. 2005).

Because Rule 41(a)(2) dismissals are court-entered judgments, they have "the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties" under *Buckhannon. Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *see also Claiborne*, 414 F.3d at 719 (a voluntary dismissal with prejudice "effects a material alteration of her legal relationship with the other parties, because it terminates any claims she may have had against them arising out of this set of operative facts. If she were to try to bring the same claim in the future, the defendants

would be entitled to rely on a claim preclusion or *res judicata* defense."); *Berishev v. Chertoff*, 486 F. Supp. 2d 202, 205 (D. Mass. 2007) ("[D]ismissal under Rule 41(a)(2) requires substantial judicial action . . . deemed enough to meet the definition of judicial imprimatur."); *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 482 (E.D. Va. 2005) (same).

To hold otherwise "would undermine the purpose of Rule 41 to encourage a plaintiff's voluntary dismissal," because it "would imply that the only way for a defendant to obtain a disposition on the merits would be to oppose a dismissal and proceed to litigation on the merits." *Highway Equip. Co.*, 469 F.3d at 1035.

Here, it is undisputed that the Court granted the government's motion for dismissal under Rule 41(a)(2). Doc. 38, at 2. The Court could have chosen to deny the motion, or to require the parties to agree to "terms that the court consider[ed] proper." Fed. R. Civ. P. 41(a)(2). In fact, Rule 41(a)(2) says that by default these dismissals are, unless the district court "order states otherwise, . . . without prejudice." *Id.* Yet the court granted the dismissal as written, with prejudice. Doc. 38, at 2. And the order of dismissal states that, as a result of the dismissal being with prejudice, "Claimant would face no risk of subsequent litigation over the

same issues." Doc. 32 at 2. That's only true because the district court issued a judgment binding on the government. Brian therefore obtained a judgment with sufficient judicial imprimatur under *Buckhannon*.

Where the district court went wrong is that it confused the Rule 41(a)(2) dismissal in this case—which requires a court-entered judgment on the merits—with Rule 41(a)(1) dismissals—which are procedural dispositions entered without a court order. It called its dismissal a mere "procedural disposition." Doc. 38, at 5. That is incorrect.

Rule 41(a)(1) dismissals are ministerial (or "procedural" as the district court called it), because a court must merely enter the dismissal and not make any decision about it. They can occur at the plaintiff's whim, provided "a notice of dismissal [is filed] before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). A "voluntary dismissal taken under Rule 41(a)(1) . . . d[oes] not entail any determination, oversight or involvement by the court, aside from the perfunctory act of entering judgment." *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 839 (M.D. Tenn. 2004), *aff'd*, 226 F. App'x 491 (6th Cir. 2007). "[T]he significant weight of authority holds that an order on a stipulation of dismissal has no

independent legal effect because Rule 41(a)(1)(A) operates without a court order." *Malibu Media, LLC v. Baiazid*, 152 F. Supp. 3d 496, 501 (E.D. Va. 2015) (internal quotation marks omitted). The case ends "once a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is filed"; no judicial imprimatur is required. *Id.* at 500.

Rule 41(a)(2) dismissals, however, are different: "[A] Rule 41(a)(2) dismissal has the 'judicial imprimatur' and 'judicially sanctioned' relief lacking in a Rule 41(a)(1)(ii) dismissal." *MV Transp.*, 231 F.R.D. at 482. Whereas "dismissal under Rule 41(a)(2)[ becomes] effective only by entry of a court order," under 41(a)(1) a case can be "dismissed simply by filing the stipulations—no Court approval [is] needed or given, and no judgment [i]s entered." *F4W, Inc. v. Tracstar Sys., Inc.*, No. 6:12-CV-1539-Orl-28KRS, 2015 WL 12838856, at *4 (M.D. Fla. Apr. 3, 2015), *report and recommendation adopted*, 2015 WL 12840464 (M.D. Fla. June 18, 2015). "Thus, a Rule 41(a)(2) dismissal has the 'judicial imprimatur' that a Rule 41(a)(1) dismissal lacks." *Johnson v. Pringle Dev., Inc.*, No. 5:05-CV-37-Oc-10GRJ, 2006 WL 2189542, at *2 (M.D. Fla. Aug. 1, 2006).

**C.    The cases relied on by the district court are inapposite.**

The two cases cited by the district court as examples in support of its ruling are completely inapposite. The first involves a *plaintiff* being denied fees after the *defendant* first mooted the case and then obtained a dismissal with prejudice. In *Dionne v. Floormasters Enterprises, Inc.*, defendant Floormasters moved to dismiss a Fair Labor Standard Act (FLSA) case with prejudice after it mooted the case by tendering full payment of all of the overtime and damages sought by the plaintiff, Perry Dionne. 667 F.3d 1199, 1201–02 (11th Cir. 2012). Floormaster's motion to dismiss the case with prejudice was granted, and then Dionne sought attorney's fees under the FLSA's fee-shifting provision. *Id.* at 1202. The district court denied fees to plaintiff Dionne because he had had not been awarded judgment in his favor, in a fairly straightforward application of *Buckhannon. Id.* at 1203–06.

The problem is that in *Dionne*, Floormasters successfully dismissed the *plaintiff's* case, whereas here the government, as plaintiff, dismissed its own case. The dismissal with prejudice in *Dionne* protected Floormasters from a future suit by Dionne, so Dionne gained nothing from its entry. Similarly, the dismissal with prejudice here protects Brian

from a future forfeiture suit from the government, not vice versa. This is related to the issue noted in *CRST*—namely, that plaintiffs and defendants have different goals and defendants (or claimants) are happy to have the case dismissed on any basis. In fact, the *Dionne* opinion even notes the plaintiff wrongly "relies on several cases in which the court considered whether the *defendant* was entitled to recover attorney's fees from the *plaintiff*." *Id.* at 1204 (emphasis in original) (citing *Claiborne*, 414 F.3d at 721–22; *Highway Equip. Co.*, 469 F.3d at 1033–37).[10]

The second case cited by the district court is a forfeiture case, but involves the government returning the seized property and mooting the case *before any judgment was entered*. In *United States v. Evans*, a *pro se* claimant sought the return of his property under Rule 41(g) of the criminal rules, arguing that the government had failed to provide proper notice to him while he was incarcerated. 561 F. App'x 877, 879 (11th Cir. 2014). After a few rounds of motions and requests for reconsideration, the

---

[10] These latter two fee-shifting cases, although not forfeiture cases, strongly support a finding that Brian was the prevailing party, and are relied upon heavily in *United States v. Certain Real Prop.*, 543 F. Supp. 2d 1291, 1293 (N.D. Ala. 2008) (noting that, "[s]ince *Buckhannon*, two courts of appeal have addressed the issue of whether the defendant is the 'prevailing party' when the case is dismissed with prejudice.").

government ultimately agreed to return the seized $27,000, mooting the case. The district court then found that Evans' pending motions were moot. (The appellate opinion does not indicate that the case was dismissed with prejudice and Evans does not appear to have argued that it was.) When Evans moved for attorney's fees under CAFRA, the district court denied the motion. Noting that Evans, a non-attorney, was not actually entitled to attorney's fees (but could obtain costs), the Eleventh Circuit affirmed the denial of fees and costs, citing *Buckhannon*:

> Although Mr. Evans' many motions seeking return of the seized property may indeed have been the catalyst that provoked the government to action, the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."

*Id.* at 881.

Therefore, there are two key differences between this case and *Evans*: (1) here, the government sought to dismiss the case *before* returning the property, so this case was not moot at the time the district court ordered dismissal and the return of the seized money, and (2) unlike *Evans*, this case involved a dismissal with prejudice that materially altered the legal relationship between the parties by protecting Brian

38

from the government re-filing a forfeiture suit. Accordingly, *Evans* does not dictate the outcome of whether Brian is entitled to attorney's fees under § 2465(b).

*    *    *

When a case is dismissed with prejudice under Rule 41(a)(2), "nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor." *Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003). Brian obtained a dismissal that has preclusive effect going forward, and doing so required court approval. Brian is therefore the prevailing party under *Buckhannon* and is entitled to attorney's fees.

## CONCLUSION

For the foregoing reasons, Claimant-Appellant Brian Moore, Jr. requests that the lower court decision denying him attorney's fees under 28 U.S.C. § 2465(b) be reversed and remanded with instructions to determine a reasonable fee award under 28 U.S.C. § 2465(b).

Dated May 17, 2023.

Respectfully submitted,

<u>/s/ Daniel L. Alban</u>

Daniel L. Alban (VA 72688) †      Jason D. Sammis (GA 623532)
Joshua A. House (CA 284856)      Leslie M. Sammis (GA 623535)
INSTITUTE FOR JUSTICE            SAMMIS LAW FIRM, P.A.
901 North Glebe Road, Ste. 900   1005 North Marion Street
Arlington, VA 22203              Tampa, FL 33602
Telephone: (703) 682-9320        Telephone: (813) 250-0500
Fax: (703) 682-9321             Fax: (813) 276-1600
dalban@ij.org;                  jsammis@sammislawfirm.com;
jhouse@ij.org                   lsammis@sammislawfirm.com
† *Lead Counsel*

*Counsel for Claimant-Appellant*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 7,930 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated May 17, 2023.

/s/ Daniel L. Alban
*Counsel for Claimant-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2023, I caused the foregoing *APPELLANT'S OPENING BRIEF* to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF users:

Radka T. Nations
US ATTORNEY'S OFFICE
75 Ted Turner Drive, SW
Suite 600
Atlanta, GA 30303
Tel:        (404) 581-6000
Fax:        (404) 581-6181
Email:      Radka.Nations2@usdoj.gov

Lawrence R. Sommerfeld
US ATTORNEY'S OFFICE
75 Ted Turner Drive, SW
Suite 600
Atlanta, GA 30303
Tel:        (404) 581-6000
Fax:        (404) 581-6181
Email:      Lawrence.Sommerfeld@usdoj.gov

*Counsel for Plaintiff-Appellee*

/s/ Daniel L. Alban
*Counsel for Claimant-Appellant*